# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-50477
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS ROSALES,
a/k/a JORGE ESTRADA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(90-CR-266)

January 25, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Rosales, a/k/a Jorge Estrada, argues that the district court ordered that his sentence be served consecutively to his state sentence based on the district court's mistaken assumption that it was bound by the policy statements in Chapter 7 of the Sentencing Guidelines. Estrada seeks to have the case remanded to the district court for resentencing.

There was no argument presented in the district court concerning whether the policy statements were obligatory in imposing sentence, and Estrada failed to raise the issue after the imposition of the consecutive sentence although the district court gave him the opportunity to do so.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Therefore, the issue must be reviewed for plain error. See United States v. Kroust, 66 F.3d 1420, 1433-34 (5th Cir. 1995) (a party must raise a claim of error in such a manner so that the district court may correct itself, and avoid the need for appellate review).

Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 113 S. Ct. 1770, 1776-79 (1993), cert. denied, 115 S. Ct. 1266 (1995).

We have reviewed the record, including the transcript of the sentencing hearing, and the briefs, and have determined that the district court did not commit plain error in imposing a consecutive sentence.

AFFIRMED.